UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Martinez,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Respondents. | CV 15-0056-TUC-RCC (JR)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is the Petition for Writ of Habeas Corpus ("Petition") (Doc. 1) filed by Petitioner Robert Martinez ("Martinez") pursuant to 28 U.S.C. § 2254.[1] In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

---

[1] Martinez also filed a Motion for Accelerated Review of Petitioner's Writ of Habeas Corpus (Doc. 16). The Court will deny the motion as moot.

1

I. **FACTUAL AND PROCEUDRAL BACKGROUND**

Martinez was indicted on January 17, 2012 and charged with armed robbery and first-degree burglary. *Answer*, Ex. A at 2.[2] The state alleged two prior convictions, armed robbery and solicitation of forgery. Ex. B.

On February 23, 2012, Martinez entered into a plea agreement where he pled guilty to burglary in the first degree in exchange for the state dismissing the armed robbery charge and the allegations of prior convictions. Exs. C, D. During the change of plea colloquy, Martinez admitted that at the time he committed the offense he was serving a term of parole on a 1998 armed robbery charge. Ex. X at 8. On March 22, 2012, the state court judge sentenced Martinez to the presumptive term of 3.5 years in prison. Exs. E at 1, Y at 8. The minute entry of the sentencing hearing stated that Martinez' sentence would commence that day, March 22, 2012. Ex. E at 2. In fact, state law required that Martinez first complete the sentence for which he was on parole before serving 3.5 year sentence for the present offense. A.R.S. § 13-711 (B). Ex. Q, attachment 1. Based on that statute, the Arizona Department of Corrections found that his Sentence Begin Date was June 6, 2013 and not March 22, 2012. *Id*.

On June 19, 2012, Martinez filed a Notice of Post-Conviction Relief. Ex. F. Counsel was appointed and on October 22, 2012, counsel filed a Notice in Lieu of

---

[2] Unless otherwise indicated, all exhibit references are to the exhibits attached to the Respondents' Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 14).

2

Rule 32 Petition indicating that she had reviewed the entire record in the case but was not able to find any arguably meritorious legal issues. Exs. G, I. Counsel requested and the court granted Martinez until December 4, 2012, to file a *pro se* petition for post-conviction relief. Exs. I-J. Martinez did not file a petition and on February 19, 2013, the state court dismissed Martinez' Notice of Post-Conviction Relief. Ex. K.

Approximately ten months later, on December 10, 2013, Martinez filed a Motion for Consideration arguing that the Department of Corrections computed his sentence incorrectly. Ex. M. On December 17, 2013, the court ruled that it did not have jurisdiction over the calculations made by the Department of Corrections and denied his Motion. Ex. N.

On January 14, 2014, Martinez filed a Motion for Amended Sentence and on January 28, 2014, the state court denied the Motion explaining that the time for filing a motion to amend sentence had expired. Exs. O-P. The court further stated that even if Martinez's Motion was within the time limits set forth by the rules, a court can only modify a sentence that is unlawful and since Martinez's sentence was not unlawful, the court would have denied the motion even if it had been timely. Ex. P.

On July 9, 2014, Martinez filed a Motion to Re-File Notice of Post-Conviction Relief and Petition for Post-Conviction Relief-Rule 32. Ex. R. Martinez argued that his attorney was ineffective because he failed to raise the issue of concurrent versus consecutive sentences. *Id*. at attachment 1. He also argued that the state court committed error by failing to include the concurrent sentence instruction in the special conditions section of the plea agreement and by failing to instruct the Arizona

1  Department of Corrections to run his sentence concurrent to his undischarged term of
2  parole.  *Id.*  The Court accepted the petition and on August 28, 2014, the denied relief
3  and dismissed Martinez' Petition for Post-Conviction Relief.  Exs. S-T.  The Court
4  found that even assuming arguendo that counsel's performance was deficient by
5  failing to inform him that his sentence was required to run consecutively, Martinez
6  showed no prejudice; he never alleged that he would not have accepted the plea had
7  he known the sentences could only be run consecutively.  Ex. T at 4.  The Court
8  further explained that A.R.S. § 13-711(b) mandated consecutive sentences and, thus,
9  there was no error.  *Id.*

10       On September 22, 2014, Martinez filed a Petition for Review to the Arizona
11  Court of Appeals.  Ex. U.  He argued that he would not have accepted the plea
12  agreement had he known that it required consecutive sentences and that his attorney
13  should have informed him of all potential applications of the sentencing procedure.
14  *Id*.  He also argued that both the U.S. and Arizona Constitutions protect defendants
15  from "potential unknown jeopardies."  *Id*.  The court granted review but denied relief
16  finding that because Martinez failed to raise his claims in the state trial court, they
17  were precluded by Rule 32.2(a) and waived pursuant to Rule 32.9(c)(1)(ii).  Ex. V at
18  3-4.  Martinez did not seek review with the Arizona Supreme Court.  Ex. W.

19       In the Petition now before the Court, which was filed on February 2, 2015,
20  Martinez argues that he is being held beyond his release date "in violation of U.S.
21  Constitutional Amendments."  Doc. 1 at 6.

22

## III. LEGAL DISCUSSION

### A. Timeliness

#### 1. The Petition is untimely.

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one year statute of limitations to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Petitions filed beyond the one-year limitations period must be dismissed. *Id.* The statute provides in pertinent part that:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Martinez was sentenced on March 22, 2012. Ex. E. Martinez then filed a timely PCR notice and the running of the limitations period was statutorily tolled while the PCR proceedings remained pending. *See* 28 U.SC. § 2244(d)(2). On February 19, 2013, the state court dismissed Martinez's PCR proceeding because he did not file a petition. Ex. K. The statute of limitations began to run on the following day, February 20, 2013, and expired a year later on February 20, 2014. Martinez filed his Petition on February 2, 2015, almost a year after the statute of limitations had expired. Doc. 1.[3]

### 2. Martinez is not entitled to equitable tolling.

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). A petitioner is entitled to equitable tolling of the limitations period "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011). "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." *Id*.

---

[3] Martinez did file a Petition for Review to the Arizona Court of Appeals on September 22, 2014. Ex. U. However, the court denied relief finding that because Martinez failed to raise his claims in the state trial court, they were precluded and waived. Ex. V.

In relation to tolling, Martinez asserts that he did not become aware of the consecutive/concurrent sentencing issue until August 22, 2013, when the Arizona Department of Corrections provided him with a revised release date. Doc. 1 at 11. As noted by Respondents, the record belies Martinez's claim of ignorance. On May 18, 2012, he filed a pleading with the trial court stating, "I thought that both CR# numbers would run together/concurrent. I thought that once I got sentenced on 3/22/2012 that my time has started, that's what the judge said but it doesn't seem to be the case. So what I am asking of the court is to amend the sentence to have both CR-numbers run concurrent." Ex. L.  A month after filing this pleading, Martinez filed a Notice of Post-Conviction Relief. Ex. F. Counsel was appointed but was not able to find any arguably meritorious legal issues so the court granted Martinez until December 4, 2012, to file a *pro se* petition. Exs. G, I, J.  He did not file a petition and on February 19, 2013, the state court dismissed his Notice of Post-Conviction Relief. Ex. K. It wasn't until July 9, 2014, more than 2 years later, that Martinez filed his Motion to re-File Notice of Post-Conviction Relief and Petition for Post-Conviction Relief-Rule 32.  Ex. R.  Martinez has not shown "extraordinary circumstances" that would support equitable tolling.

### B.    Exhaustion and Procedural Default

A state prisoner must exhaust the available state remedies before a federal court may consider the merits of his habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir.1999). "[A] petitioner fairly and fully presents a claim to the state court for purposes of satisfying the

1  exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through
2  the proper vehicle, and (3) by providing the proper factual and legal basis for the
3  claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations
4  omitted).

5  Exhaustion requires that a habeas petitioner present the substance of his
6  claims to the state courts in order to give them a "fair opportunity to act" upon these
7  claims. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999).  "To exhaust one's
8  state court remedies in Arizona, a petitioner must first raise the claim in a direct
9  appeal or collaterally attack his conviction in a petition for post-conviction relief
10 pursuant to Rule 32," *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), and then
11 present his claims to the Arizona Court of Appeals. *See Swoopes v. Sublett,* 196 F.3d
12 1008, 1010 (9th Cir. 1999).

13 Additionally, a state prisoner must not only present the claims to the proper
14 court, but must also present them fairly.  A claim has been "fairly presented" if the
15 petitioner has described the operative facts and federal legal theories on which the
16 claim is based.  *Picard v. Connor*, 404 U.S. 270, 277-78 (1971); *Rice v. Wood*, 44
17 F.3d 1396, 1403 (9th Cir. 1995).  "Our rule is that a state prisoner has not 'fairly
18 presented' (and thus exhausted) his federal claims in state court unless he specifically
19 indicated to that court that those claims were based on federal law."  *Lyons v.*
20 *Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d
21 904 (9th Cir. 2001).  A petitioner must alert the state court to the specific federal
22 constitutional guaranty upon which his claims are based, *Tamalini v. Stewart*, 249

F.3d 895, 898 (9th Cir. 2001), however, general appeals in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim. *Lyons*, 232 F.3d at 669. Moreover, it is not enough that a petitioner presented to the state court all the facts necessary to support an inadequately identified federal claim or that a "somewhat similar" state law claim was raised. *Baldwin v. Reese*, 541 U.S. 27, 28 (2004); *Shumway v. Payne*, 223 F.3d 982, 988 (9th Cir. 2000) (mere similarity between a claim of state and federal error insufficient to establish exhaustion). "Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005).

Claims may be procedurally defaulted and barred from federal habeas review in a variety of circumstances. If a state court expressly applied an adequate and independent state procedural bar when the petitioner attempted to raise the claim in state court review of the merits of the claim by a federal habeas court is barred. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991). Arizona courts have been consistent in the application of the state's procedural default rules. *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (holding that Ariz.R.Crim.P. 32.2(a) is an adequate and independent procedural bar). In Arizona, claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt to return to state court to present them would be futile unless the claims fit into a narrow range of exceptions. *See Ariz.R.Crim.P.* 32.1(d)-(h), 32.2(a)

9

1  (precluding claims not raised on direct appeal or in prior post-conviction relief
2  petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty
3  days of trial court's decision).  Because these rules have been found to be
4  consistently and regularly followed, and because they are independent of federal law,
5  either their specific application to a claim by an Arizona court, or their operation to
6  preclude a return to state court to exhaust a claim, will procedurally bar subsequent
7  review of the merits of such a claim by a federal habeas court.  *Stewart*, 536 U.S. at
8  860; *Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir. 1998) (Rule 32, Ariz.R.Crim.P.
9  is strictly followed); *State v. Mata*, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and
10 preclusion rules strictly applied in postconviction proceedings).

11       A federal court may not consider the merits of a procedurally defaulted claim
12 unless the petitioner can demonstrate cause for his noncompliance and actual
13 prejudice, or establish that a miscarriage of justice would result from the lack of
14 review.  *See Schlup v. Delo*, 513 U.S. 298, 321 (1995).  To establish cause, a
15 petitioner must point to some objective factor external to the defense impeded his
16 efforts to comply with the state's procedural rules.  *Dretke v. Haley*, 541 U.S. 386,
17 393-94 (2004).  "[C]ause is an external impediment such as government interference
18 or reasonable unavailability of a claims factual basis." *Robinson v. Ignacio*, 360 F.3d
19 1044, 1052 (9th Cir. 2004) (citations omitted).   "Prejudice" is actual harm resulting
20 from the constitutional violation or error.  *Magby v. Wawrzaszek*, 741 F.2d 240, 244
21 (9th Cir. 1984); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996).
22

Alternatively, a federal court may review the merits of a procedurally defaulted claim where a petitioner can establish that a "fundamental miscarriage of justice" would otherwise result. *Schlup*, 513 U.S. at 327. A fundamental miscarriage of justice exists when a constitutional violation resulted in the conviction of one who is actually innocent. *Id.*

Respondents argue and the Court agrees that Martinez' claim is procedurally defaulted for three reasons.

### 1. Martinez is asserting a state law sentencing claim and not a federal question.

Martinez was sentenced to serve 3.5 years in prison. The minute entry of the sentencing hearing stated that the sentence would commence that day. As Martinez was still serving a sentence for a parole violation, the judge's sentence could reasonably have been inferred to mean that the sentences were to run concurrently. However, under Arizona law, Martinez was required to first complete the undischarged parole violation sentence before beginning his 3.5 year sentence on the instant offense. A.R.S. § 13-711 (B). This sentencing issue does not involve a matter of federal law interpretation but one of state law interpretation. A federal court may not issue a writ on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984). *See also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005 (per curiam) ("[A] state court's interpretation of state law including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")

### 2. Martinez did not exhaust his claim as a federal question in state court.

Martinez's Motion to Re-File Notice of Post-Conviction Relief and Petition for Post-Conviction Relief-Rule 32 raises claims of ineffective assistance of counsel and newly discovered evidence; both relate to the alleged state law sentencing error. Ex. R. Martinez' Petition for Review to the Arizona Court of Appeals raises similar issues but adds that he is protected by the U.S. and Arizona Constitutions from "potential unknown jeopardies." Ex. U. In the present Petition, Martinez does not cite to a specific federal basis for his claim but only asserts a "violation of U.S. Constitutional Amendments." Doc. 1. As such, his present claim was not "fairly presented to the state courts." *Picard*, 404 U.S. 277-78 (1971). Having failed to demonstrate cause for noncompliance and actual prejudice or actual innocence, this Court may not review the merits of his procedurally defaulted claim. *Schlup*, 513 U.S. at 327.

### 3. Martinez' IAC claim is procedurally barred.

The Arizona Court of Appeals found Martinez's ineffective assistance of counsel claim was precluded under Rule 32.2(a), Ariz.R.Crim.P., and waived because it was raised for the first time on review. Ex. V at 3-4. Martinez did not seek review with the Arizona Supreme Court. Ex. W. His IAC claim is procedurally barred for this reason as well and cannot be considered by this Court. *Schlup*, 513 U.S. at 327; *Insyxiengmay*, 403 F.3d at 665 (procedural default applies to bar federal

habeas review when state court declines to address federal claims for failure to meet state procedural requirements).

### III. RECOMMENDATION

Based on the foregoing, the Magistrate Judge **denies as moot** Martinez' Motion for Accelerated Review of Petitioner's Writ of Habeas Corpus (Doc. 16).

The Magistrate Judge further **RECOMMENDS** that the District Court, after its independent review, **deny** Martinez' Petition for Writ of Habeas Corpus (Doc. 1).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 15-0056-TUC-RCC**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge

. . . .

. . . .

. . . .

13

1 may be considered a waiver of a party's right to *de novo* consideration of the issues.
2 *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003)(*en banc*).

3    Dated this 8th day of December, 2015.

_____
Jacqueline M. Rateau
United States Magistrate Judge